IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-CR-223-JLK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

3.  MICHAEL DEAN SPAULDING,

    Defendant

**MOTION TO CORRECT SENTENCE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 35(a), OR IN THE ALTERNATIVE TO PERMIT DEFENDANT TO WITHDRAW PLEA PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 11(d)**

Defendant Michael Dean Spaulding, by and through counsel, Anthony Viorst, the Viorst Law Offices, P.C., hereby moves this Court to correct his sentence, pursuant to Federal Rule of Criminal Procedure 35(a), or to permit him to withdraw his plea pursuant to Federal Rule of Criminal Procedure 11(d), as follows:

**CERTIFICATION**

Undersigned counsel certifies that he has spoken with opposing counsel, Ms. Barbara Skalla, who has no objection to granting Mr. Spaulding a three-level decrease in his sentencing-guideline computation, based upon Mr. Spaulding's acceptance of responsibility, but who otherwise objects to the relief requested herein.

## FACTUAL BACKGROUND

1. The parties in this case entered into a plea agreement that called for the Government to request a 5K1.1 Departure from the sentencing-guideline range, and to request a sentence in the range of 77 to 96 months. Under the terms of this plea agreement, on September 11, 2012, Mr. Spaulding pled guilty to distribution of methamphetamine, pursuant to 21 U.S.C. 841.

2. The presentence report issued in this case computed Mr. Spaulding's sentencing-guideline range at 110 to 137 months. Noting that Mr. Spaulding had pled guilty, and otherwise admitted to committing the crime, this computation included a three-level reduction for acceptance of responsibility.

3. At the commencement of the sentencing hearing, this Court denied the Government's motion for a three-level decrease of Mr. Spaulding's sentencing-guideline computation, under USSG 3E1.1(a) and (b), for acceptance of responsibility. This Court ruled that a criminal defendant's plea of guilty, in combination with his admission of culpability for the commission of the crime, was legally insufficient to constitute acceptance of responsibility under the sentencing guidelines. In denying the Government's motion, this Court stated that it would not impact the sentence that the Court imposed.

4. Thereafter, this Court explicitly granted the Government's motion for a downward departure pursuant to USSG 5K1.1. In that motion, the Government had requested "that the Court grant the Government's Motion for Downward Departure, depart from the applicable guideline range, and impose a sentence within the range of 77-96 months." At no time prior to

the imposition of sentence did this Court indicate that it intended to grant a downward departure that was smaller than the one requested by the Government.

5.	The Court also deferred ruling on Mr. Spaulding's motion for a variance, and a sentence of 60 months, until after the statements of the parties.

6.	After the statements of the parties, Mr. Spaulding received a sentence of 137 months in the Bureau of Prisons.  Mr. Spaulding maintains that the length of this sentence was clearly erroneous, and should be corrected by this Court.

## LEGAL ARGUMENT

Federal Rule of Criminal Procedure 35(a) authorizes a District Court, within 14 days following the imposition of sentence, to "correct a sentence that resulted from . . . clear error."  Such is the case here.

Contrary to this Court's finding, a three-level decrease for acceptance of responsibility was warranted in this case, as Mr. Spaulding not only pled guilty, but also admitted that he had sold methamphetamine.  *See United States v. Cornelio-Peno*, 435 F.3d 1279, 1282 (10th Cir. 1986) (noting with approval that the district court "applied a three-level downward adjustment for acceptance of responsibility and entry of a guilty plea").  Thus, Mr. Spaulding's sentencing-guideline range was properly computed, by the probation officer, to be 110-137 months.

Further, by granting the Government's motion for a downward departure, and imposition of a "sentence within the range of 77-96 months," this Court was obligated to follow its own ruling.  *See Been v. O.K. Industries, Inc.*, 495 F.3d 1217, 1224 (10th Cir. 2007) (the "law of the case" doctrine dictates that prior judicial decisions on rules of law govern the same issues in subsequent phases of the same case").  As noted above, at no time prior to the imposition of

sentence did this Court indicate that it intended to grant a downward departure that was smaller than the one requested by the Government.

For these reasons, this Court's sentence of 137 months in the Bureau of Prisons was clearly erroneous under Federal Rule of Criminal Procedure 35(a), and should be changed to a sentence not to exceed 96 months, as requested by the Government at the time of sentencing.

Finally, if this Court is not inclined to alter its sentence, it should permit Mr. Spaulding to withdraw his plea, *nunc pro tunc* to December 6,2012. Authority for this request is found at Federal Rule of Criminal Procedure 11(d)(2)(b), which states that a criminal defendant may withdraw his plea prior to the imposition of sentence for any "fair and just reason." Mr. Spaulding maintains that, if this Court, prior to the imposition of sentence, had denied the Government's motion for a downward departure (thereby apprising him of its intention to impose a higher sentence than the one requested by the Government), he immediately would have sought leave to withdraw his prior guilty plea, and that the higher sentence would have constituted a "fair and just reason" for the plea withdrawal.

Wherefore, for the foregoing reasons, Mr. Spaulding moves this Court to correct his sentence, pursuant to Federal Rule of Criminal Procedure 35(a), or to permit him to withdraw his plea pursuant to Federal Rule of Criminal Procedure 11(d)

DATED this 7th day of December, 2012.

                THE VIORST LAW OFFICES, P.C.

                [*Original signature on file at Viorst Law Offices, P.C.*]

                *s/ Anthony Viorst*
                Anthony Viorst, #18508
                Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2012, I electronically filed a true and correct copy of the above and foregoing **MOTION TO CORRECT SENTENCE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 35(a), OR IN THE ALTERNATIVE TO PERMIT DEFENDANT TO WITHDRAW PLEA PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 11(d)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail address(es):

Barbara S. Skalla, Esq.  
U.S. Attorney's Office-Denver  
1225 17th Street East, Suite 700  
Denver, CO 80202  

James A. Castle, Esq.  
Lisabeth Perez Castle, Esq.  
Castle & Castle, PC  
1544 Race Street  
Denver, CO 80206  

Edward Robin Harris  
Office of the Federal Public Defender  
633 Seventeenth Street, Suite 1000  
Denver, CO 80202  

*[Original signature on file at Viorst Law Offices, P.C.]*

s/ *Michelle Spadavecchia*  
Legal Assistant